688 N.W.2d 278 (2004)
470 Mich. 871
Elaine A. HAAS and Charles J. Bannon, Plaintiffs-Appellees,
v.
Wade H. DEAL, Sarah J. Deal, Tracey L. Deal and J.A. Delaney & Co., Defendants-Appellants.
Docket No. 123144. COA No. 230490.
Supreme Court of Michigan.
June 10, 2004.
On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the October 22, 2002 judgment of the Court of Appeals in part and REINSTATE the Wayne Circuit Court's award of summary disposition for defendants Wade H. and Sarah J. Deal. The alleged misrepresentations by Wade Deal were alleged to have occurred on October 25, 1998, approximately three weeks after plaintiffs entered into the contract. Thus, the plaintiffs did not rely on the alleged misrepresentations at the time they entered into the contract.
The plaintiffs' offer to purchase the property was made on October 1, and accepted on October 2, 1998. At that point, the parties were bound to a contract, the plain language of which allowed the sellers, but not the buyers, the option upon default of either enforcing the contract or retaining the buyers' deposit. In all other respects, leave to appeal is DENIED.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., concur in the result.
WEAVER, J., dissents and states as follows:
I dissent from the order reinstating summary disposition for defendants. I would affirm the decision of the Court of Appeals allowing plaintiffs to proceed to trial on their claims of traditional fraud and innocent misrepresentation.
I write further to note that the majority's suggestion that the buyers did not rely on the alleged misrepresentations of the sellers because the buyers were bound to follow through with closing under the contract is incorrect. The contract clearly contemplated that the buyers could default and provided two options to the sellers should the buyers default. Under the contract, as noted by the majority, the sellers could either have retained the buyers' deposit or could have attempted to enforce the contract. Had the buyers learned of the proximity and scale of the cemetery expansion immediately adjacent to the sellers' residence before closing, any sensible attorney would have advised the buyers to default and make the same arguments we now have before us to avoid specific performance under the contract. The fact that the sellers had the option of seeking to enforce the contract has no relevance to whether the buyers were acting in reliance on the alleged misrepresentations when they proceeded to closing.